# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30393
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

JOHN HAWKINS,

Plaintiff-Appellant

v.

MARLIN N. GUSMAN, Sheriff; LIEUTENANT ROSS; CYNTHIA PARK, Doctor; G. GOLDEN, Deputy; WARDEN OF HUNT RECEPTION AND DIAGNOSTIC CENTER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-256

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Hawkins, Louisiana prisoner # 115911, filed a 42 U.S.C. § 1983 complaint against Orleans Parish Sheriff Marlin N. Gusman, and two Orleans Parish Prison (OPP) employees: Lieutenant Ross and Deputy G. Golden. He also named Cynthia Park, a nurse, and an unidentified warden at the Elayn Hunt Correctional Center. He alleged constitutional violations stemming from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an injury he received while incarcerated at the OPP and his medical treatment while housed at OPP and later, following his transfer, at Hunt Correctional Center.  Hawkins alleged that at the time of the injury, he was stripping floors, when he slipped and fell, striking his knee.  Hawkins alleged that Golden instructed him to mix bleach with the stripping solution, which Hawkins contended should not have been done, and that Ross, Golden's supervisor, did nothing to stop Ross from creating a hazardous workplace.  Hawkins alleged that Gusman, Ross, and Golden were responsible for the fall and that Gusman provided inadequate medical care.

The claims against Park and the unidentified warden were dismissed without prejudice for failure to state a claim because Hawkins had failed to plead any facts implicating either defendant.  Hawkins does not address the dismissals.  Accordingly, he is deemed to have abandoned the issues on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  The district court granted the remaining OPP defendants' motion for summary judgment and dismissed the complaint.

We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  If the moving party establishes this, the burden shifts to the nonmovant to set forth specific evidence to support his claims.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).  However, conclusory "allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a

genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).

As an initial matter, Hawkins raises for the first time on appeal that the OPP defendants were liable for failing to train and supervise the prison staff and that Gusman was liable for transferring him to the Hunt Correctional Center. These newly raised claims will not be considered. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

To the extent that Hawkins sought to hold the OPP defendants liable in their official capacities, Hawkins failed to identify any policy or custom that served to violate his constitutional rights and failed to show that any policy or custom was the cause in fact or moving force behind a constitutional violation. *See, e.g., Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). With regard to any individual capacity claims, Hawkins had to show that the OPP defendants were either personally involved in the acts causing the deprivation of his constitutional rights or that there was a causal connection between an act of the OPP defendants and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

In the district court, Hawkins did not allege that Gusman had any personal involvement in, or even had knowledge of, any acts or omission resulting in his injuries and subsequent medical care. Hawkins's failure to allege the requisite personal involvement on the part of Gusman defeats this claim. *See id.* Hawkins's attempt to hold Gusman liable under the theory of vicarious liability likewise fails. *See Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987).

No. 14-30393

Hawkins fails to address the district court's determination that the individual capacity claims against Ross and Golden arising from the slip and fall were not actionable as a constitutional violation under § 1983, but rather were grounded in state tort law as an ordinary slip and fall accident. Because Hawkins has not addressed the basis for the district court's dismissal of the claims against Ross and Golden, he has abandoned any challenge thereto. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). The judgment of the district court is AFFIRMED.